WIGGINTON, Judge.
Petitioners are plaintiffs in an action at law pending in the trial court, and respondent is defendant. Petitioners seek review by certiorari of an interlocutory order entered in that action which denied petitioners’ objections to and motion to strike respondent’s additional defense to count two of the amended complaint, and which denied petitioners’ motion for partial summary judgment as to the issue of liability with respect to said count two. The petition for certiorari alleges that it is based upon two grounds, to wit: firstly, that the *532 additional affirmative defense to count two of the amended complaint which it sought to have stricken is without basis in law; and secondly, that the lower court had no right to recede from its former order granting a partial summary judgment on liability with respect to count two.
 Appeal of interlocutory orders entered in actions at law prior to final judgment may be taken only from those relating to venue or jurisdiction over the person of the defendant.[1] The order sought to be reviewed herein does not fall within that class of order for which review may be had by interlocutory appeal. It is basic that common law certiorari may not be used as a vehicle to circumvent the rule of law which narrowly restricts the class of orders entered in a law action which may properly be reviewed prior to the entry of final judgment in the case.
 In the Pullman Company case this Court held that certiorari will be granted to review interlocutory orders entered in law actions prior to final judgment only in those cases in which it clearly appears there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment, as where the trial court has acted without or in excess of its jurisdiction, or its order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.[2] The order sought to be reviewed in the case sub judice does not fall within the class of orders for which review may be had by certiorari. The writ is accordingly denied and the petition dismissed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Rule 4.2, F.A.R., 31 F.S.A.

. The Pullman Company v. Fleishel et al. (Fla.App.1958), 101 So.2d 188, 189.