PIERCE, Judge.
Petitioners, defendants below, seek review by common law certiorari of certain interlocutory orders, one granting motion of plaintiffs below, respondents here, for leave to file an amended complaint, and the other denying defendants’ motions to vacate and to strike the amended complaint.
On September 20, 1966, plaintiffs filed their complaint seeking damages and alleging negligence by the defendant doctors and others in the performance of a dilation and curettement on the plaintiff Lewellyn Ferreira.
Trial of the cause commenced August 30, 1967. On August 31, 1967, a mistrial was declared. The following day, September 1, 1967, plaintiffs presented to the trial Court a motion for leave to amend their complaint, along with a copy of the proposed amended complaint. The Court entered order granting plaintiffs’ motion for leave to file the amended complaint, which added a count seeking damages for wrongful' death of a minor child allegedly lost as a result of negligence of the defendant doctors. Copies of plaintiffs’ motion, the court’s order and the amended complaint were mailed to counsel for defendants on the same date, September 1, 1967, and received by them on September 5, 1967.
Pursuant to their motions for rehearing, to vacate, and to strike, defendants were accorded a hearing on October 24, 1967. At that time defendants’ motions were denied and defendants were ordered to answer the amended complaint and proceed toward trial.
Defendants filed petition here for writ of certiorari to review the orders entered by the Court below.
Rule 4.2, Florida Appellate Rules, 32 F. S.A., provides for appeals from interlocutory orders at law relating to venue or jurisdiction over the person and further provides for review of any “appropriate interlocutory order by common law certiorari.”
It is axiomatic that common law certiorari is a discretionary writ. Numerous cases may be cited to point up the reluctance of the appellate courts to expand availability of this writ beyond established and necessarily defined limits. Two cases are illustrative.
In Flagler Federal Savings and Loan Ass’n of Miami v. Whiting, Fla.App.1963, 148 So.2d 555, this Court said:
“The common-law writ of certiorari is a discretionary writ and ordinarily will *230 not be allowed by an appellate court to review an order in an action at law. This is so, because such an order may be corrected through the method of appeal. However, it is only in exceptional cases, such as those where the lower court acts without or in excess of its jurisdiction, or where an interlocutory order does not conform to essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, that an appellant court will exercise discretionary power to issue such writ.”
And in Witten v. Howard Vernon Lodges & Restaurants, Inc., Fla.App. 1964, 169 So.2d 531, the First District Court stated:
“It is basic that common law certiorari may not be used as a vehicle to circumvent the rule of law which narrowly restricts the class of orders entered in a law action which may properly be reviewed prior to the entry of a final judgment in the case.”
And further in Witten, citing Pullman Company v. Fleishel et al., Fla.App.1958, 101 So.2d 188:
“ * * * [Cjertiorari will be granted [to review interlocutory orders entered in law actions prior to final judgment] only in those cases in which it clearly appeared there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment, * * * the trial court has acted without or in excess of its jurisdiction, or its order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.”
Petitioners have failed to show that the orders sought to be reviewed constitute a departure from “essential requirements of law” or that petitioners are without an adequate remedy by appeal should they suffer an adverse final judgment. Common law certiorari is not available to review interlocutory orders of this class and the petition must be and is denied.
ALLEN, Acting C. J., and HOBSON, J., concur.