**FLORIDA AFL–CIO, et al.,
Plaintiffs-Appellants,**

v.

**STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, et al., Defendants-Appellees.**

No. 81–5080.

United States Court of Appeals,
Eleventh Circuit.

May 17, 1982.

Patterson & Traynham, Jerry G. Traynham, Benjamin R. Patterson, III, Tallahassee, Fla., for plaintiffs-appellants.

Kenneth H. Hart, Jr., State of Fla. Dept. of Labor and Employment Sec., Tallahassee, Fla., for defendants-appellees.

Before MORGAN, KRAVITCH and HENDERSON, Circuit Judges.

HENDERSON, Circuit Judge:

Florida Statutes § 443.101(1) and (2) provide that a claimant for unemployment compensation is disqualified for benefits if, "without good cause," he voluntarily leaves his employment or fails to apply for or accept suitable employment.[1] Under Florida's interpretation of the statute, a claimant who voluntarily leaves his employment or who refuses to accept new employment solely because the employer is not covered by a collective bargaining agreement does so "without good cause," and is not entitled to unemployment compensation benefits. *Adams v. Auchter Co.*, 339 So.2d 623 (Fla. 1976), *aff'g* 304 So.2d 487 (Fla.App. 1st 1974). Rule 8B–2.16 of the Florida Administrative Code, promulgated by the Department of Labor and Employment Security, sets forth the factors to be considered in determining "suitability of work," but does

---

[1] Florida Statutes § 443.101(1) and (2), formerly § 443.06(1) and (2), provide:

An individual shall be disqualified for benefits:

(1) For the week in which he has voluntarily left his employment without good cause attributable to his employer . . . .

. . . .

(2) If the division finds that the individual has failed without good cause either to apply for available suitable work when so directed by the division or employment office, or to accept suitable work when offered to him

. . . .

A 1979 amendment to subsection (2) is not material here.

not include a collective bargaining agreement as a condition.[2]

Four of the individual appellants, Detweiler, Cush, Hamilton and Bass, voluntarily left their jobs because their employers ceased to have a collective bargaining agreement with their unions. Except for this fact, continued employment with their former employers would have been "suitable" within the meaning of Rule 8B–2.16. They could have remained on the job at wage rates substantially the same as those prevailing under the collective bargaining agreements.[3] Whether other benefits of employment such as health and retirement benefits would have remained as favorable under non-union conditions is disputed. It is undisputed, however, that as a matter of prevailing state law any such differences were not so great that their jobs became "unsuitable." [4]

**2.** Rule 8B–2.16 states:
Suitability of Work
. . . .

(4) Suitable work is work for which the individual is reasonably fitted by training and experience. If the individual lacks the skills and training needed to perform offered work, that work may nonetheless be suitable for him if, as part of the job, he is provided with the training necessary to develop the work skills needed.

(5) In determining whether work is suitable for a claimant, the Division shall consider all of the following:

(a) The claimant's physical fitness for the work.

(b) The claimant's prior training and experience.

(c) The claimant's prior earnings [see paragraph (6)].

(d) Wages offered as compared with prevailing wages for similar work in the locality [see paragraph (6)].

(e) Prospects for obtaining local work in the claimant's customary occupation.

(f) The degree of risk to the claimant's health, safety and morals.

(g) The distance of the available work from the claimant's residence, and the availability of transportation to apply for the available work and the availability of transportation to and from the work site.

(h) The length of the claimant's employment.

(i) Such other factors as would influence a reasonable, prudent person in the claimant's circumstances such as complications resulting from child care needs.

. . . .

Employees who belong to labor organizations which are affiliated with the appellant, Florida AFL–CIO, are prohibited by union rules from accepting work, or continuing to work, for an employer who is not subject to a collective bargaining agreement. Violation of this policy may result in fines, suspension or expulsion from the labor organization.

The appellants' challenge to the statute and regulations included claims based upon preemption, freedom of association, and due process. The district court granted the appellees' motion for summary judgment, holding that the statute was not preempted by federal law, but did not address the other two issues because of inadequate briefing. 504 F.Supp. 530. Because we find each ground for relief to be without merit, we need not consider whether the latter holding was correct.

(7) No work shall be considered suitable:

(a) If the position offered is vacant due to a strike, lockout, or other labor dispute, or

(b) If the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality, or

(c) If the individual would be required to join a union or to resign from or refrain from joining any bona fide labor organization.

**3.** The appellant, John Keiser, left his employment because of personal differences with his branch manager, and has not been disqualified under the applicable law. He does not have a claim for unemployment compensation benefits pending. Although there is evidence that he would suffer a detriment as described in the complaint if he quit work because his employer "went non-union," there is no evidence that either event is imminent. We fail to perceive his complaint as a case or controversy within the meaning of Article III with respect to the provisions challenged here, and accordingly find that we lack subject matter jurisdiction as to Keiser. *E.g., Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

**4.** The Unemployment Appeals Commission applies the "suitable work" rules, *see supra* note 2, to determine whether an employee has left his employment "without good cause" under § 443.101(1), although the regulation expressly deals with cases arising under subsection (2). *E.g.,* U.C.Order No. 78–1899, 78–1959 & 78–1960 (Unempl.App.Comm'n, undated).

■ The appellants first maintain that Florida Statutes § 443.101(1) and (2) as implemented by Florida Administrative Code Rule 8B–2.16 and interpreted by the Florida Supreme Court, is preempted by the National Labor Relations Act, 29 U.S.C. §§ 151–168, the Labor Management Relations Act, 29 U.S.C. §§ 141–187 *passim*, and the Social Security Act *as amended by* the Federal Unemployment Tax Act, 26 U.S.C. § 3304(a)(5). This argument is conclusively foreclosed by the Supreme Court's decision in *New York Tel. Co. v. New York State Dep't of Labor*, where six justices agreed "that Congress intended to allow the states to make this policy determination for themselves." 440 U.S. 519, 540, 99 S.Ct. 1328, 1341, 59 L.Ed.2d 553, 569 (1979).

■ The appellants next argue that the statute as applied violates their right of association guaranteed by the first and fourteenth amendments to the United States Constitution. The statute and regulations, however, do not condition unemployment benefits upon non-membership in a union, nor do they burden membership in any way. Indeed, the only limitation on the employees' rights of association is imposed by the labor organization itself. The first amendment protects a member's right to belong to a labor organization; it does not secure his right to work only under a collective bargaining agreement. *See Lincoln Federal Labor Union No. 19129 v. Northwestern Iron & Metal Co.*, 335 U.S. 525, 69 S.Ct. 251, 93 L.Ed. 212 (1949). Cases where an employee's beliefs may provide "good cause" for refusing work objectionable on religious grounds, such as *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), are inapposite.

■ Finally, the appellants contend that the statute and regulations create an "irrebuttable presumption" that an employee who leaves his work because the employer "goes non-union" has not left for good cause. This is not the case. First, the statute and regulations do not raise any presumption, rebuttable or irrebuttable. Second, when an employee leaves his employment, he is entitled to show, if he can, that the work is no longer "suitable," *see supra* note 4, even if one reason for leaving may be the lack of a collective bargaining agreement. We therefore need not consider the Florida rule under the irrebuttable presumption cases. *Lavine v. Milne*, 424 U.S. 577, 96 S.Ct. 1010, 47 L.Ed.2d 249 (1976); *Brown v. Sibley*, 650 F.2d 760, 765 (Former 5th Cir. 1981); *Clanton v. Orleans Parish School Bd.*, 649 F.2d 1084, 1093–94 (Former 5th Cir. 1981).

The decision of the district court is accordingly REVERSED and REMANDED as to Keiser with directions to dismiss for want of subject matter jurisdiction. As to the other appellants the judgment of the district court is AFFIRMED.