**Juan NOYOLA, Appellant,**

v.

**Jose I. FLORES and Gloria Flores, Appellees.**

**No. 13-87-348-CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 8, 1987.

Rehearing Denied Nov. 5, 1987.

W. Reed Lockhoof, Austin, for appellant.

James A. Herrmann, Harlingen, for appellees.

## OPINION

PER CURIAM.

Appeal is brought from the denial of a motion for summary judgment on immunity grounds. Appellant, a Texas game warden, was sued under 42 U.S.C.S. § 1983 (1986). He complains that the trial court's refusal to grant his motion for summary judgment denied him his federal right to immunity from suit.

The federal courts recognize a right to appeal a district court's denial of a motion for summary judgment on immunity grounds. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The Supreme Court in *Mitchell* reasoned that public officials in certain circumstances have a qualified immunity *from suit*, a right which would be lost if they were forced to defend a lawsuit. *Id.* 105 S.Ct. at 2815. This right extends to state officials sued under Section 1983. *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

In Texas, the overruling of a motion for summary judgment is interlocutory in nature and not appealable. *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982). Appellant argues that federal law controls here and requires this Court to hear the appeal. He points out that Tex.R.App.P. 42(a)(1) permits appeals from interlocutory orders "when allowed by law" and contends that his appeal is "allowed by" federal law. He urges this Court to interpret our procedural rule to permit the appeal. *See Robinson v. Beaumont*, 291 Ark. 477, 725 S.W.2d 839 (1987); *Anderson v. City of Hopkins*, 393 N.W.2d 363 (Minn.1986).

Tex.Civ.Prac. & Rems.Code Ann. § 51.012 (Vernon 1986) provides that only *final* judgments are appealable. Section 51.014 lists four exceptions to this finality requirement, none of which apply here. These are the interlocutory appeals "allowed by law" to which Tex.R.App.P. 42(a)(1) refers.

An appellate rule merely implements a statutory grant of jurisdiction; without such jurisdiction, this Court simply cannot entertain an appeal. We dismiss appellant's appeal for want of jurisdiction.