POLEN, Judge.
Crocker Construction Company timely filed a petition for writ of certiorari, seeking to quash the trial court's interlocutory order compelling discovery of certain financial information. The information sought would relate to financing, ownership, development, and construction of the project known as Crocker Center during the years 1984, 1985, and 1986. The issue of ownership is relevant to respondents’ position that, while a general contractor may be immune from tort liability under the exclusivity provision of the workers’ compensation law, section 440.10, Florida Statutes (1985), an owner-builder may not be so immune. Respondents further argued to the trial court that the non-party entities from which financial discovery was sought were in effect alter egos of Crocker Construction Company. While respondents’ pleadings at the time did not contain allegations of alter-ego theory as would be required under Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984), it was respondents’ position that the information sought would lead to admissible evidence of alter ego, and would form the basis of a motion to amend the pleadings.
While petitioner did not assert any work product or attorney-client type privilege as to the information sought, it argued to the trial court that similar requests for financial records had previously been denied in the case, and that some of the records sought as to non-parties constituted confidential, classified information and/or trade secrets. The trial court overruled petition *843 er’s objections and ordered the discovery produced. For the reasons set forth below, we deny the petition for writ of certiorari.
Certiorari is seldom granted to quash interlocutory orders of the trial courts absent a showing of fundamental error. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Petitioner in this case must establish not only that the trial court’s discovery order departs from the essential requirements of the law, but also that compliance with such order would constitute irreparable injury which could not be remedied on a plenary appeal. On the other hand, certiorari is occasionally granted where the above requirements are met and petitioner is seeking to avoid disclosure of “cat-out-of-the-bag” type information. From the record before us, we do not find that the discovery from which petitioner seeks protection would fall into that category. As to any alleged confidential or classified trade secrets of the petitioner or the non-parties, the trial court, upon appropriate motion, can easily fashion safeguards to prevent dissemination of this information to other entities which are not involved in the litigation. As previously noted, the issue of ownership of the property, or potential alter-ego ownership, is relevant to the central issue in the case.
Finally, we must address respondents’ motion to supplement the appendix. Apparently, respondents wish to place before this court a proposed (or perhaps now filed) amended complaint addressing the alter-ego issue. In light of our determination to deny certiorari, we deem this request to be moot. This is with the understanding, of course, that before respondents could proceed to trial on any alter-ego theory, there must be a proper complaint before the court alleging such a factual scenario. Dania Jai-Alai.
Accordingly, the petition for writ of cer-tiorari is denied, and the respondents’ motion to supplement the index is denied.
DOWNEY and ANSTEAD, JJ., concur.