656 So.2d 507 (1995)
DEPARTMENT OF EDUCATION, Petitioner,
v.
Sally ROE, a minor child, by and through her mother and next friend, Ann ROE, and Ann Roe, individually, Respondents.
No. 94-3040.
District Court of Appeal of Florida, First District.
May 12, 1995.
Rehearing Denied June 16, 1995.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Office of Atty. Gen., Tallahassee, for petitioner.
Thomas L. Powell of Douglass, Powell & Rudolph, Tallahassee, for respondents Sally Roe and Ann Roe.
Gordon D. Cherr and Patricia Hart Malono of McConnaughhay, Roland, Maida & Cherr, P.A., Tallahassee, for respondent Leon County School Bd. and Superintendent.
John C. Cooper, Tallahassee, for respondent Sam Alderman.
Jeannette M. Andrews, Tallahassee, for respondent Nancy E. Russell.

ON MOTIONS FOR REHEARING, MOTIONS FOR REHEARING EN BANC, AND MOTION FOR CERTIFICATION OF CONFLICT

[Original Opinion at 20 Fla. L. Weekly D686]
ERVIN, Judge.
Respondents seek rehearing, rehearing en banc, certification of conflict, and clarification of our opinion issued March 14, 1995, which reversed the trial court's denial of petitioner's motion to dismiss Roes' amended complaint, with prejudice, because Roe failed to allege a duty that the Department of Education owed to her. Department of Education v. Roe, 20 Fla. L. Weekly D686 (Fla. 1st DCA Mar. 14, 1995). We grant respondents' motions for rehearing, withdraw our previous opinion, and substitute the following revised opinion. Because of this disposition, we deny respondents' motions for rehearing en banc and for certification of conflict.
The Department of Education filed a petition for writ of common law certiorari, seeking review of the trial court's order denying its motion to dismiss Sally and Ann Roe's amended complaint, relying in part upon Tucker v. Resha, 648 So.2d 1187 (Fla. 1994), as supporting its contention that this court had jurisdiction. We agreed, and construed the petition as an appeal from an interlocutory order, concluding that the principle stated in Tucker, that denial of a claim of qualified immunity in response to a cause of action under 42 U.S.C. § 1983 was an appealable nonfinal order, applied as well to denial of a claim of sovereign immunity regarding a cause of action under state law. We are now of the view that we should not construe Tucker as deciding any issue beyond that which was specifically asked in the certified question in that case. Therefore, we decline to construe the petition for certiorari relief as an interlocutory appeal.
*508 Moreover, denial of a motion to dismiss does not ordinarily qualify for certiorari review. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987); Fieselman v. State, 566 So.2d 768 (Fla. 1990).
CERTIORARI DENIED.
JOANOS and WOLF, JJ., concur.