778 So.2d 481 (2001)
ASPEX EYEWEAR, INC., Petitioner,
v.
Jerrold ROSS, Respondent.
No. 4D00-3936.
District Court of Appeal of Florida, Fourth District.
February 21, 2001.
Arie Mrejen of Arie Mrejen, P.A., Fort Lauderdale, for petitioner.
No response required for respondent.
PER CURIAM.
Aspex Eyewear, Inc., seeks review of a non-final order of the Broward County circuit court which denied its initial and revised Motions for Protective Order and granted Respondent's Motion for Sanctions. We dismiss in part and deny in part.
Ordinarily the financial records of a party are not discoverable unless the *482 documents themselves or the status which they evidence is somehow at issue in the case. See Graphic Assocs., Inc. v. Riviana Rest. Corp., 461 So.2d 1011 (Fla. 4th DCA 1984). The profits of Petitioner are relevant to the damages element of an alleged "profit" sharing participation agreement, thus, making the financial records sought by Respondent relevant. As to any alleged confidential or classified trade secrets of the petitioner or the non-parties, the trial court, upon appropriate motion, can easily fashion safeguards to prevent dissemination of this information to other entities which are not involved in the litigation. See Crocker Constr. Co. v. Hornsby, 562 So.2d 842 (Fla. 4th DCA 1990).
Petitioner claims the production ordered by the trial court is irrelevant. To the extent this may be true, we lack jurisdiction as the production of irrelevant material does not rise to the level of irreparable harm for certiorari to lie. See Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So.2d 1021, 1023 (Fla. 4th DCA 1998); Eberhardt v. Eberhardt, 666 So.2d 1024 (Fla. 4th DCA 1996), approved by Allstate Ins. Co. v. Boecher, 733 So.2d 993, 998-99 (Fla.1999).
Accordingly, we dismiss the petition in part and deny the petition in part.
FARMER, STEVENSON and SHAHOOD, JJ., concur.