46 So.3d 1051 (2010)
CITIZENS PROPERTY INSURANCE CORPORATION, A Governmental Entity of the State of Florida, Petitioner,
v.
SAN PERDIDO ASSOCIATION, INC., A Florida Not-For-Profit Corporation, Respondent.
No. 1D09-6183.
District Court of Appeal of Florida, First District.
October 6, 2010.
Rehearing Denied November 17, 2010.
Anthony J. Russo and Gina G. Smith of Butler Pappas Weihmuller Katz Craig LLP, Tampa, for Petitioner.
Charles S. Liberis and Richard M. Beckish Jr. of Liberis & Associates, P.A., Pensacola, for Respondent.
CLARK, J.
The petitioner Citizens Property Insurance ("Citizens") seeks a writ of prohibition or certiorari in this court, upon the trial court's denial of Citizens' motion to dismiss the respondent San Perdido Association's lawsuit alleging that Citizens engaged in bad faith insurance practices. San Perdido's lawsuit was brought under section 624.155, Florida Statutes. In its motion to dismiss, Citizens asserted that it was entitled to sovereign immunity in that action. However, because the trial court action has not yet proceeded to a final judgment, Citizens' challenge to the denial *1052 of its motion to dismiss cannot be entertained by this court at the present time.
This case arises from a claim by San Perdido under a windstorm insurance policy with Citizens, after Hurricane Ivan caused substantial property damage in 2004. Citizens persistently refused to fully pay its obligation under the terms of the insurance policy, requiring San Perdido to file a circuit court action to compel such payment, and then defend that award in Citizens' appeal to this court. The circuit court ruling was upheld by this court, in Citizens Property Insurance v. San Perdido Assoc., 22 So.3d 71 (Fla. 1st DCA 2009), and San Perdido thereafter filed its section 624.155 bad faith action in the circuit court. Citizens responded with a motion to dismiss, asserting that the action is barred by the immunity conferred on Citizens in section 627.351(6), Florida Statutes. Citizens argued that this statutory provision grants it sovereign immunity.
Citizens is a statutory corporation created by the legislature to ensure that properties in Florida can be insured against hurricane damage. See § 627.351(6)(a)(1), Fla. Stat. In creating Citizens for this purpose, the legislature imbued Citizens with the status of a government entity, see § 627.351(6)(a)(1), and gave Citizens a limited grant of immunity in connection with Citizens' performance of its duties or responsibilities. See § 627.351(6)(s)(1), Fla. Stat. However, section 627.351(6)(s)(1) provides that such immunity does not apply to a willful tort or for a breach of contract pertaining to insurance coverage.
In its section 624.155 action, San Perdido alleged that Citizens engaged in a series of bad faith practices in its handling of San Perdido's insurance claim, and that such conduct was both a breach of contract and a willful tort under section 624.155. In denying Citizens' motion to dismiss, the trial court reasoned that San Perdido's section 627.155 lawsuit is within the section 627.351(6)(s)(1) exceptions to Citizens' immunity. Although Citizens could challenge that ruling after an adverse judgment if San Perdido should prevail on the merits of its lawsuit at trial, Citizens now seeks an immediate writ of prohibition or certiorari, and asks this court to preclude any further proceedings in the trial court.
The Florida Supreme Court addressed a request for immediate interlocutory review upon the denial of a motion to dismiss on grounds of sovereign immunity in Department of Education v. Roe, 679 So.2d 756 (Fla.1996). In that case, this court declined to undertake interlocutory review of the denial of the motion to dismiss, and noted that such a ruling does not ordinarily qualify for review by certiorari. The supreme court expressly approved this court's decision. The supreme court in Roe acknowledged that questions of sovereign immunity had at one time been treated as issues of subject matter jurisdiction, but the Roe court rejected further application of that theory and instead observed that such immunity is not lost merely because review must wait until after a final judgment.
Contrary to the supreme court's pronouncements in Roe, the fifth district has issued writs of prohibition where Citizens claimed sovereign immunity in response to a section 624.155 lawsuit for bad faith insurance practices. See Citizens Property Insurance v. Garfinkel, 25 So.3d 62 (Fla. 5th DCA 2009); see also Citizens Property Insurance v. La Mer Condominium Assoc., 37 So.3d 988 (Fla. 5th DCA 2010). Like the present case, in those instances Citizens' motions to dismiss the section 624.155 action were denied by the trial court. In undertaking immediate review of those rulings, the fifth district referred to the supreme court's earlier decision in Circuit Court of Twelfth Judicial Circuit *1053 v. Department of Natural Resources, 339 So.2d 1113 (Fla.1976), and treated the matter as a question of the trial court's subject matter jurisdiction. But the fifth district did not refer to or otherwise acknowledge the supreme court's more recent ruling in Roe, which characterized the jurisdictional theory in Circuit Court of Twelfth Judicial Circuit as an approach which pertained "at one time," but which no longer applied. As Roe suggested, there is no irreparable harm in requiring that appellate consideration of the sovereign immunity claim await the entry of a final judgment.
Without the irreparable harm required for certiorari, and given the supreme court's repudiation of the Circuit Court of Twelfth Judicial Circuit theory of jurisdiction in Roe, Citizens is not entitled to immediate interlocutory review of the denial of its motion to dismiss San Perdido's section 624.155 lawsuit. While Roe involved the waiver of sovereign immunity in section 768.28, Florida Statutes, and San Perdido's lawsuit involves the waiver of immunity in section 627.351(6)(s)(1), the statutory waivers are similar in that section 768.28 provides for a waiver in tort actions, and section 627.351(6)(s)(1) provides for a waiver for any willful tort, as well as upon a breach of the insurance contract.
In light of the supreme court's ruling in Roe, this court declines to undertake immediate interlocutory review of the denial of Citizens' motion to dismiss San Perdido's section 624.155 lawsuit, nor will this court entertain such a challenge by prohibition or certiorari. Other courts have also declined to entertain such interlocutory challenges in light of Roe, although there appears to be some inconsistency in the case law on this point. E.g., compare School Board of Miami-Dade County v. Leyva, 975 So.2d 576 (Fla. 3d DCA 2008) with Garfinkel, supra; see also, e.g., Florida A & M University Board of Trustees v. Thomas, 19 So.3d 445 (Fla. 5th DCA 2009).
Citizens' petition for prohibition or certiorari is denied, and pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) and (vi) this court certifies conflict with the fifth district decisions in Garfinkel and La Mer Condominium Assoc., and further certifies the following question of great public importance:
Whether, in light of the supreme court's ruling in Department of Education v. Roe, 679 So.2d 756 (Fla.1996), review of the denial of a motion to dismiss based on a claim of sovereign immunity should await the entry of a final judgment in the trial court?
DAVIS, J., concurs. WETHERELL, J., dissents with opinion.
WETHERELL, J., dissenting.
I respectfully dissent from the decision to dismiss Citizens' "Petition for Writ of Prohibition, and Alternatively, Petition for Writ of Certiorari." I would grant the petition and quash the trial court's order denying Citizens' motion to dismiss because, as the Fifth District correctly held in Garfinkel, "Citizens is immune from first-party bad faith claims pursuant to Section 627.351(6)([s])1." See 25 So.3d at 69.
I agree with the majority that prohibition is not the appropriate remedy in this case because Citizens' claim of immunity does not implicate the trial court's subject-matter jurisdiction. But I disagree that we lack jurisdiction to consider Citizens' alternative petition for writ of certiorari. In my view, not only do we have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(3) and 9.100 to consider the petition, but it is incumbent upon us to do so at this time because the trial court's erroneous order denying Citizens immunity *1054 from Respondent's suit will cause material injury to Citizens that cannot be fully remedied upon plenary appeal.
Nothing in Roe compels the decision reached by the majority. Roe simply held that a nonfinal order denying an agency's motion to dismiss on sovereign immunity grounds was not subject to interlocutory appeal, see 679 So.2d at 759; the case did not address whether interlocutory review of an order denying immunity as a matter of law was available by extraordinary writ petition in an appropriate case. Indeed, we observed in the decision approved by the supreme court in Roe that certiorari is not "ordinarily" available to review the denial of a motion to dismiss, which clearly implies that such review is available in an extraordinary case. See Dept. of Education v. Roe, 656 So.2d 507, 508 (Fla. 1st DCA 1995); and cf. Dept. of Health & Rehab. Servs. v. Miller, 413 So.2d 96 (Fla. 1st DCA 1982) (stating that "[t]his court has entertained petitions for writs of certiorari to review interlocutory orders determining issues of sovereign immunity," but declining to issue the writ because there were disputed issues of fact bearing on the immunity issue).
Moreover, Roe involved a claim of sovereign immunity under section 768.28, Florida Statutes, pursuant to which governmental entities are subject to suit in tort actions but their liability is capped, whereas this case involves a claim that Citizens is statutorily immune from suit under section 627.351(6)(s)1.[1] Unlike immunity from liability, which is not lost if review is deferred until the end of the case, immunity from suit is lost if the party is forced to go through litigation. See Roe, 679 So.2d at 758-59 (noting that, unlike qualified immunity, the agency's immunity from liability provided by section 768.28 is not lost simply because review must wait until after final judgment); Tucker v. Resha, 610 So.2d 460, 464 (Fla. 1st DCA 1992) (observing that, because a qualified immunity affords immunity from suit rather than a defense to liability, "an appeal after final judgment would hardly constitute a full and adequate remedy, for once the protection of immunity is lost and a trial ensues, there is no means of re-immunizing the party"), quashed on other grounds, 648 So.2d 1187 (Fla.1994).
Furthermore, unlike the claim of sovereign immunity at issue in Roe, resolution of the immunity issue in this case is not dependent upon, or in any way intertwined with, the merits of the case. See 679 So.2d at 758 ("Oftentimes, the applicability of the sovereign immunity waiver is inextricably tied to the underlying facts, requiring a trial on the merits."). Rather, the issue of whether Citizens is immune from Respondent's bad faith suit is a matter of statutory interpretation and a pure question of law, which the parties agree essentially boils down to whether a bad faith claim under section 624.155 is a "willful tort" for purposes of the exception to Citizens' immunity in section 627.351(6)(s)1.a.
I recognize that certiorari review is "not to be used to sidestep the rule of law narrowly restricting those non-final orders subject to review." Tucker, 610 So.2d at *1055 463-64. But the mere fact that a non-final order is not subject to interlocutory appeal does not mean that it may not be reviewed by certiorari. See Avco Corp. v. Neff, 30 So.3d 597, 601 (Fla. 1st DCA 2010) ("Certiorari is the proper remedy, in limited circumstances, to review a non-final order that is not subject to appeal under Florida Rule of Appellate Procedure 9.130."); Fla. R.App. P. 9.130(a)(1) (explaining that review of non-final orders not listed in that rule "shall be by the method prescribed in rule 9.100").
The denial of immunity from suit has been held to be sufficient irreparable injury to justify certiorari review. See, e.g., Seminole Tribe of Fla. v. McCor, 903 So.2d 353, 357-58 (Fla. 2d DCA 2005) (tribal immunity); Jenne v. Maranto, 825 So.2d 409, 415 (Fla. 4th DCA 2002) (Eleventh Amendment immunity); Stephens v. Geoghegan, 702 So.2d 517, 521 (Fla. 2d DCA 1997) (qualified immunity). As our supreme court explained in the context of qualified immunitywhich, like the immunity at issue in this case, is immunity from suit rather than a defense to liabilitythe entitlement to immunity is "effectively lost if a case is erroneously permitted to go to trial" because the party entitled to the immunity cannot be "`re-immunized' if erroneously required to stand trial or face the other burdens of litigation." Tucker, 648 So.2d at 1189 (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). Moreover, as recently observed by Judge Shepherd, "[i]t makes little sense to afford a shield of immunity from suit . . . and then fail to enforce it at the earliest moment when enforcement is appropriate." Brown v. McKinnon, 964 So.2d 173, 176 (Fla. 3d DCA 2007) (Shepherd, J., dissenting).
I recognize that the injury that Citizens will suffer in this particular case is diminished somewhat by the likelihood that the merits of the immunity issue will be back before this court in relatively short order. Indeed, if and when the issue is raised again by Citizens at the trial court (either through a renewed motion to dismiss or a motion for summary judgment), the court will be obligated to follow the holding in Garfinkel and dismiss Respondent's bad faith suit against Citizens. See Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992) (holding that, in the absence of interdistrict conflict, district court decisions bind all Florida trial courts). This, in turn, will likely result in an appeal by Respondent raising the same issue that was fully briefed and argued by the parties in this case, which in my view, is all the more reason to take jurisdiction and decide the issue now.[2]
Irreparable injuryi.e., material injury that cannot be remedied on plenary appealis not enough to justify certiorari review of a nonfinal order; the order must also depart from the essential requirements of law. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). "[W]hen the record conclusively demonstrates entitlement to immunity, it is a departure from the essential requirements of law for a trial court to deny a motion for summary judgment on that basis." Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002).
Here, I would conclude that the trial court departed from the essential requirements *1056 of law in denying Citizens motion to dismiss because, as explained in Garfinkel, a bad faith claim under section 624.155 is not a tort claim and, thus, not a "willful tort" for purposes of section 627.351(6)(s)1.a. See Garfinkel, 25 So.3d at 68-69. Moreover, in my view, it would be inappropriate to interpret the phrase "willful tort" as a short-hand reference to section 624.155 because, as explained in Garfinkel, such a construction is inconsistent with the legislative history. Id. at 66; see also Fla. SB 960 (2009) and Fla. HB 1051 (2009), which did not pass, but proposed to amend section 624.155(1) to read "Any person may bring a civil action against an insurer, including Citizens Property Insurance Corporation, when such person is damaged ..." (proposed new language emphasized). Not only would such an interpretation be inconsistent with the principle that a waiver of sovereign immunity should be construed narrowly in favor of the government,[3] but it would also reflect unsound policy because subjecting Citizens to bad faith claims of policy holders (such as Respondent) who have already been paid for the losses insured by Citizens will only serve to reduce the financial resources available to Citizens to pay claims of other policyholders;[4] and, because Citizens is a governmental entity (and not a private insurance company), the taxpayers will ultimately bear the burden of paying claims that Citizens is unable to pay. Cf. Ch. 2006-12, § 44, Laws of Fla. (appropriating $715 million to Citizens to eliminate the deficit resulting from its payment of claims after the 2005 hurricanes).
In Tucker, our supreme court observed that the qualified immunity afforded to public officials would be illusory, and the underlying policy for the immunity would be thwarted, if nonfinal orders denying qualified immunity were not subject to interlocutory review. See 648 So.2d at 1190. Likewise, in this case, the immunity from suit provided to Citizens would be illusory if certiorari were not available to review an order denying immunity as a matter of law in order to determine whether the suit at issue falls within one of the limited exceptions in section 627.351(6)(s)1. Moreover, the majority's categorical denial of such review will frustrate the underlying purpose of Citizens being established as a governmental entityi.e., to maximize the financial resources available to pay claims in the event of a catastrophic hurricane. Cf. § 627.351(6)(a)1., Fla. Stat. ("Because it is essential for [Citizens] to have the maximum financial resources to pay claims following a catastrophic hurricane, it is the intent of the Legislature that [Citizens] *1057 continue to be an integral part of the state and ... exempt from federal income taxation."). Accordingly, although I disagree with the majority's disposition of this case, I agree with the certification of a question to the Florida Supreme Court because of the significant public policy issues implicated by our failure to review the order denying Citizens' claim of immunity at this time.
NOTES
[1] Section 627.351(6)(s)1 provides in pertinent part:

There shall be no liability on the part of, and no cause of action shall arise against, any assessable insurer or its agents or employees, the corporation or its agents or employees, members of the board of governors or their respective designees at a board meeting, corporation committee members, or the office or its representatives, for any action taken by them in the performance of their duties or responsibilities under this subsection. Such immunity does not apply to:
a .... any willful tort....
(emphasis added).
[2] While I recognize that we cannot be conferred jurisdiction that we do not have by agreement of the parties, I note that in response to our request for supplemental briefing on the jurisdictional issue raised by the panel at oral argument, both parties argued that we had jurisdiction to consider Citizens' petition because the immunity provided to Citizens is more akin to the qualified immunity at issue in Tucker than the sovereign immunity at issue in Roe.
[3] See generally Am. Home Assurance Co. v. Nat'l R.R. Passenger Corp., 908 So.2d 459, 471-72 (Fla.2005); Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So.2d 4, 5 (Fla. 1984); Windham v. Fla. Dep't of Transp., 476 So.2d 735, 739 (Fla. 1st DCA 1985). Accord Garfinkel, 25 So.3d at 66 (rejecting the argument that the requirement in section 627.351(6)(r)(2) [now 627.351(6)(s)2.] that Citizens "handle claims ... in good faith" waives Citizens' immunity from bad faith claims because the statute is not a clear waiver of immunity and that "[i]f there is a waiver there, it is quite murky").
[4] As noted in the majority opinion, Respondent has already prevailed in a breach of contract suit against Citizens and obtained the coverage that it was due under its insurance policy with Citizens. The record reflects that in the underlying case Respondent was awarded the amount of its appraised loss, along with prejudgment interest, attorney's fees and costs, and expert fees. In its present bad faith suit, Respondent is seeking additional damages "including, but not limited to, loss of use of its property, interest paid on loans to reconstruct its facilities, lost profits from rentals, excess costs caused by reconstruction delays, costs associated with pursuing its claims with Citizens" along with attorney's fees and costs, and, potentially, punitive damages.