**Bruce H. MORRIS, Appellant,**

v.

**Anthony A. DANNA et al., Appellees.**

**No. 76–1364.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1977.

Decided Jan. 13, 1977.

Paul W. Onkka, Jr., Legal Assistance of Ramsey County, Inc., St. Paul, Minn., filed appearance and brief for appellant.

William B. Randall, Ramsey County Atty., and Jeanne L. Schleh, Asst. Ramsey County Atty., St. Paul, Minn., filed brief for appellees.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

This is an appeal from the order of the District Court[1] dismissing appellant's complaint for lack of federal jurisdiction. The basis of appellant's complaint was a front page article in the St. Paul Dispatch on November 3, 1975, which identified him by name as a welfare recipient and as a former dancer at a local nightclub. Appellant alleged that the information disclosed in the press included statements from his doctor about his disabled status, the amount of public assistance received by him, the time when he received assistance and a number of details surrounding the circumstances under which that assistance was paid. Jurisdiction was predicated upon 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (deprivation of a constitutional right under color of state law). Appellant sought declaratory and injunctive relief, as well as monetary damages under 42 U.S.C. § 1983.

The District Court in an extensive and well-reasoned opinion held that appellant's invasion of privacy claim did not rise to constitutional dimensions and found no ju-

---

times relevant to the times specified in the indictment.

1. Honorable Earl R. Larson, District of Minnesota.

risdiction under 28 U.S.C. § 1343(3). He likewise found no jurisdiction under 28 U.S.C. § 1331, holding that the federal statutory scheme which underwrote the Minnesota State Welfare Program did not infuse state legislation providing for confidentiality of records with the status of federal legislation, the breach of which would give rise to federal question jurisdiction. Appellant's appeal from the dismissal by the District Court is predicated entirely upon the constitutional question. After full consideration of the issues presented and of the briefs of the parties, we affirm on the basis of Judge Larson's opinion.[2]

Johnie STOCKER, Jr., Appellant,

v.

2. Judge Larson's opinion is published at 411 F.Supp. 1300 (D.Minn.1976).

In the state court proceedings, petitioner argued that a firearm and a box of money should be suppressed because the police did not have probable cause to arrest him and subsequently search his car. The state circuit court denied the suppression motion after holding a hearing on the matter at which the arresting officer testified. The state supreme court held:

> For reversal he contends that the trial court should have granted his pretrial motion to suppress evidence incident to an allegedly illegal arrest and that the court erred in permitting his co-defendant to testify. We find no merit in either contention.

*Stocker v. State*, No. CR 76–5 (Ark., filed May 24, 1976), slip op. at 1.

After exhausting his state remedies, Stocker filed the instant habeas petition alleging an illegal arrest which resulted in an illegal search, the results of which should have been suppressed. The district court found that while the officers did not have probable cause to arrest the petitioner and search his car "[e]ven an illegal arrest does not void a subsequent conviction." Accordingly, the district court denied the

However, in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976),

 In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) the Supreme Court held:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Id.* at 494, 96 S.Ct. at 3046 (footnote omitted). At least two other circuits have applied *Stone* retroactively, *see Bracco v. Reed*, 540 F.2d 1019, 1020 (9th Cir. 1975); *Chavez v. Rodriguez*, 540 F.2d 500, 502 (10th Cir. 1976), and this circuit has done so directly in *Rigsbee v. Parkinson*, 545 F.2d 56 (8th Cir., 1976), at 57, and earlier *sub silentio* in *Poindexter v. Wolff*, 540 F.2d 390, 391 (8th Cir. 1976); *Roach v. Parratt*,

541 F.2d 772, 773 (8th Cir. 1976). *Cf. Caver v. Alabama*, 537 F.2d 1333, 1335–1336 (5th Cir. 1976). Because *Stone* effected no new formulation of the exclusionary rule and because the Supreme Court did not limit *Stone* to prospective application only, we apply its mandate to this case. *Rigsbee v. Parkinson, supra*, at 57. *Bracco v. Reed, supra*, 540 F.2d at 1020: *Chavez v. Rodriguez, supra*, 540 F.2d at 502.

 We have reviewed the petitioner's and respondent's abstracts of the evidence adduced at the suppression hearing in state circuit court as well as the opinion of the Arkansas Supreme Court, and find that petitioner was accorded an opportunity to fully and fairly litigate his fourth amendment claims in the Arkansas state courts. Thus petitioner's claim fails to state a claim under 28 U.S.C. § 2254.

The order denying the petition for a writ of habeas corpus is affirmed.

*Id.* at 494, 96 S.Ct. at 3052 (footnotes