**Patricia A. KEMPF, Plaintiff,**

v.

**R. & E. TRANSIT COMPANY, Chromalloy American Corporation and American Transit Corporation, Defendants.**

**No. 77–1114C(3).**

United States District Court,
E. D. Missouri, E. D.

May 2, 1978.

---

Charles P. Todt and Susan M. Hammer, Clayton, Mo., for plaintiff.

Charles A. Newman, Carol E. Jackson, Thompson & Mitchell, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon defendants' motion to dismiss plaintiff's complaint for lack of jurisdiction. Plaintiff filed this suit alleging discrimination on account of sex. In support of the jurisdiction of this Court, plaintiff alleges that jurisdiction exists pursuant to 28 U.S.C. § 1331, and further alleges

That the Fifth Amendment and Fourteenth Amendment to the Constitution of the United States, states that no person shall be denied "due process of Law" or "equal protection of the law", under 28 U.S.C.A. 1343(3) which provide [sic]:

The District Court shall have original jurisdiction of and [sic] civil action authorized by law to be commenced by any person to redress the deprivation under color of any state law, statute, ordinance, regulation, customer [sic] usage, or any right, privilege, or immunity secured by the Constitution of the United States or by an act of Congress providing for equal rights of citizens or for all persons within the jurisdiction of the United States.

Plaintiff has made no allegations that the actions of defendants herein were in any way state or federal actions. Thus, it is clear that plaintiff's claims can not arise under the Fifth and Fourteenth Amendments to the United States Constitution. See *Junior Chamber of Commerce v. Missouri Junior Chamber of Commerce*, 508 F.2d 1031 (8th Cir. 1975). Without the requisite allegation of state action, 28 U.S.C. § 1343(3) is also inapplicable.

Jurisdiction does not exist pursuant to 28 U.S.C. § 1331 unless plaintiff's claim arises under the Constitution or laws of the United States. *Morse v. Danna*, 547 F.2d 436 (8th Cir. 1977). Plaintiff has asserted no constitutional provision or law of the United States which would be applicable herein. Although not mentioned, it is the Court's opinion that 42 U.S.C. § 2000e *et seq.* would not be applicable as a law of the United States under which plaintiff's claim could be said to arise for purposes of 28 U.S.C. § 1331. *Cf., Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

Accordingly, defendants' motion will be granted and this cause dismissed.