**Clifford FREEMAN, Plaintiff,**

v.

**Dan TRUDELL et al., Defendant.**

Civ. A. No. 80–73023.

United States District Court, E. D. Michigan, S. D.

Sept. 19, 1980.

Clifford Freeman, in pro. per.

Frank J. Kelley, Atty. Gen. by Keith D. Roberts, Asst. Atty. Gen., Lansing, Mich., for defendant.

---

**482**

MEMORANDUM OPINION

GILMORE, District Judge.

Plaintiff, Clifford Freeman, confined at the State Prison of Southern Michigan, brings this action pursuant to 42 U.S.C. § 1983 alleging cruel and unusual punishment arising out of several incidents. He alleges that he was forced to shower once wearing handcuffs, that he was accused of assaulting an officer, and that he was placed in segregation as a material witness. Furthermore, he alleges that his food once had waste in it and that he is being harassed by prison officers. Defendants in this action are Dan Trudell, the Assistant Deputy Warden, Charles Anderson, Warden, Perry Johnson, Director of the Michigan Department of Corrections, William Grant and Duane Sholes. Plaintiff seeks transfer to a Federal prison and a "million dollar law suit".

■ First, it should be noted that Plaintiff has alleged no personal involvement or participation on the part of Charles Anderson or Perry Johnson. The doctrine of *respondeat superior* is inapplicable in actions under § 1983, and these defendants cannot be held vicariously liable for the alleged wrongdoing of others. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Coffy v. Multi–County Narcotics Bureau*, 600 F.2d 570 (6th Cir. 1979); *Wilson v. Beebe*, 612 F.2d 275 (6th Cir. 1980); *Redmond v. Baxley*, 475 F.Supp. 1111 (E.D.Mich.1979).

■ Allegations of verbal abuse or harassment also are insufficient grounds for relief under § 1983. *Ellingburg v. Lucas*, 518 F.2d 1196 (8th Cir. 1975); *Morris v. Danna*, 411 F.Supp. 1300 (D.Minn.1976), *aff'd*, 547 F.2d 436 (8th Cir. 1977); *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); *Boston v. Stanton*, 450 F.Supp. 1049 (W.D.Mo. 1978).

■ In addition, it has been held that deficient prison food does not rise to the level of a constitutional violation requiring the intervention of a Federal Court. As the Court explained in *Sinclair v. Henderson*, 331 F.Supp. 1123, 1126 (D.La.1971). "An occasional incident of a foreign object finding its way into the food, while regrettable, does not raise a question of constitutional proportion. It simply raises a problem of internal prison administration to be dealt with by prison authorities as best they can". *See also, Tuggle v. Evans*, 457 F.Supp. 1015 (D.Colo.1978); *Lovern v. Cox*, 374 F.Supp. 32 (W.D.Va.1974).

■ Plaintiff's allegation that he was placed in segregation also does not raise a constitutional claim. Segregative confinement does not, of itself constitute a violation of the Eighth Amendment, *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Sostre v. McGinnis*, 442 F.2d 178 (2d Cir. 1971); *cert. denied sub nom. Sostre v. Oswald*, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972); *Sweet v. South Carolina Department of Corrections*, 529 F.2d 854 (4th Cir. 1975). *Ervin v. Ciccone*, 557 F.2d 1260 (8th Cir. 1977). Plaintiff's allegation that he was required to wear handcuffs in the shower and on a visit also do not rise to the level of constitutional violations and thus are not cognizable under 42 U.S.C. § 1983.

For these reasons, Plaintiff's complaint will be DISMISSED pursuant to 28 U.S.C. § 1915(d).