Accordingly, the district court's order is REVERSED.

Joseph CARROLL, Jr., a minor by Elizabeth CARROLL, his next friend, Plaintiff-Appellant,

v.

Yvonne PARKS, Robert Gaither, the Glynn County Board of Education, and Kermit Keenum, Defendants-Appellees.

No. 84–8284.

United States Court of Appeals, Eleventh Circuit.

March 22, 1985.

---

Robert H. Baer, Brunswick, Ga., Fletcher Farrington, Louisa Abbott, Savannah, Ga., for plaintiff-appellant.

Richard Brown, Jr., John E. Bumgartner, Brunswick, Ga., for defendants-appellees.

Before HENDERSON and HATCHETT, Circuit Judges, and NICHOLS*, Senior Circuit Judge.

PER CURIAM:

In this case, we reject the appellant's urgings to find within the zones of privacy protected by the Constitution the right to be free from public embarrassment or damage to reputation. We affirm.

The facts, as taken from the appellant's complaint, show that he was a student at Brunswick High School, Brunswick, Georgia, during the 1982–1983 school year. In April, 1983, the appellees, Parks (teacher), Gaither (principal of Brunswick High School), Keenum (chief executive officer of Glynn County), and the Glynn County Board of Education "caused to be printed, circulated, and distributed, a photograph of [appellant], taken by agents of [appellees] in which [appellant's] sexual organ was accidentally exposed. Said photograph was accompanied by a lurid, prurient caption." [1]

The complaint further alleges that appellees printed and circulated the photograph without appellant's knowledge or consent, that appellees refused to cease distribution of the photograph when requested to do so, that the appellees acted intentionally, and that appellant was injured in his "peace, happiness, and good feelings." The complaint also alleged that the appellees deprived appellant "of his liberty without due process of law by invading personal rights that are fundamental and implicit in the concept of ordered liberty." Appellant requested a jury trial for damages.

The suit was brought by the mother of the minor appellant, as next friend, pursuant to title 42 U.S.C.A. § 1983 (1981). On motion to dismiss, the district court dismissed the action stating, in part, as follows:

As the [appellees] correctly point out, the United States Constitution does not create a blanket right of privacy for citizens. Those 'zones of privacy' which have been recognized as warranting pro-

---

\* Honorable Philip Nichols, Jr., U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Although not alleged in the complaint, the photograph was taken while appellant competed in a foot race. The photograph was published in the Brunswick High School Annual, the "Cutlass," with the caption, "Now that's competition!"

We hasten to add that the facts recited herein are based on the appellant's complaint, accepted as true for review of a motion to dismiss, and on representations made at the oral argument. If the case were to go to trial, the facts as alleged may be shown to be otherwise.

tection under the Constitution include the right to be free from unreasonable search and seizure, and the right to make personal decisions regarding marriage, contraception, procreation and family relationships. *See generally Paul v. Davis*, 424 U.S. 693, 712–14 [96 S.Ct. 1155, 1165–67, 47 L.Ed.2d 405] (1976).

Nowhere in these protected areas may [appellant] find a constitutional right to be free from public embarrassment or damage to his reputation. *Bradford v. Bronner*, 665 F.2d 680, 682 (5th Cir. 1982); *Morris v. Danna*, 547 F.2d 436 (8th Cir.1977). That is all that Carroll alleges; *i.e.*, that the high school yearbook staff published a photograph without his permission which caused him public embarrassment and mental anguish. The manner in which the [appellant's] reputation was damaged may have occurred in a novel fashion, but the manner in which reputation is damaged is not relevant for purposes of constitutional analysis. The Constitution does not protect private reputation as an element of 'the concept of ordered liberty.'

If any claim is actually raised by the [appellant] in this case, it arises in tort and not under the rights protected by the Constitution.

We agree.[2] Although some may find the conduct of the appellees in participating in the distribution of the photograph or in

refusing to halt distribution of the photograph to be deplorable, reprehensible, and insensitive, appellant simply has not stated a federal constitutional deprivation. We are left to wonder what legitimate purpose these appellees, school officials, (charged with the responsibility for the welfare of youngsters and the inculcation of respect for common decency) can offer to justify their conduct. Nevertheless, the district court is right: If a cause of action exists on these facts, it arises in tort and must be pursued in another forum.

AFFIRMED.

---

2. While the nature of the public embarrassment and damage to the reputation committed here does not rise to a fundamental interest of privacy, nonetheless, the particular acts of the school board make this a close case. Here, we have a group of surrogate parents regulating the mental and physical well being of individuals with diminished constitutional capacity, secondary students. *See Tinker v. Des Moines*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Not so peculiar are the accidental taking of the photograph of an exposed organ and the decision by non-adults to publish that photograph under an attention-getting caption. Significantly curious, however, is the conduct of appellee, school board, in both refusing to halt distribution of the student publication and in disowning any obligation to take affirmative steps to lessen the injury to appellant. The particularly vulnerable position of students makes the perpetuation of an accidental invasion of privacy especially unfortunate.

We cannot conceive of a more basic subject of privacy than the naked body. The desire to shield one's unclothed figure from view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self respect and personal dignity. A search of one's home has been established to be an invasion of one's privacy against intrusion by the police, which, if 'unreasonable,' is arbitrary and therefore banned under the fourth amendment. We do not see how it can be argued that the searching of one's home deprives him of privacy, but the photographing of one's nude body, and the distribution of such photographs to strangers does not.

*York v. Story*, 324 F.2d 450, 455 (9th Cir.1963). Nevertheless, while the school board has acted in unprincipled fashion, the injury to appellant is not of constitutional magnitude.