Gene FLINN, Plaintiff-Appellee,

v.

Elaine GORDON, Defendant-Appellant,
Dexter Lehtinen, et al.

No. 84–5964.

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 1985.

James W. Sloan, Asst. Atty. Gen. of Fla., Dept. of Legal Affairs, Tallahassee, Fla., for defendant-appellant.

Gene Flinn, Miami, Fla., pro se.

Before JOHNSON and HENDERSON, Circuit Judges, and ALLGOOD *, District Judge.

HENDERSON, Circuit Judge:

This 42 U.S.C. § 1983 case was initiated by the appellee, Gene Flinn, against the appellant, Elaine Gordon, and four other defendants, in the United States District Court for the Southern District of Florida, to recover for damage to Flinn's political and personal reputation allegedly caused by the defendants' conduct. The district court denied Gordon's motion to dismiss the complaint and she appeals from that

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

order. We find that the complaint fails to state a cause of action against Gordon and reverse the judgment of the district court.

Flinn was elected to the Florida House of Representatives in 1978. In early 1980, two of Flinn's legislative aides filed complaints with the Equal Employment Opportunity Commission charging Flinn with sexual harassment. The Florida House of Representatives appointed a Select Committee to investigate these charges. This committee recommended that the full House reprimand Flinn. The House accepted this recommendation and voted to publicly reprimand Flinn. Flinn was defeated in his 1980 bid for re-election.

In 1984 Flinn filed this § 1983 suit against the two former aides, another legislative employee, the candidate who defeated him in the 1980 elections, and Gordon. At the time of the proceedings against Flinn in the House of Representatives, Gordon was the chairperson of the House Administration Committee, which supervises employment matters in that legislative body. The complaint alleges that Gordon damaged Flinn's personal and political reputation and also caused him to lose the 1980 election by (1) abrogating her duty as House Administration Committee chairperson to resolve personnel problems in Flinn's office and (2) conspiring with the other defendants to release slanderous accusations of sexual misconduct by Flinn to the news media. Gordon moved to dismiss the complaint against her because of her qualified immunity as a public official.

The threshold issue is the jurisdiction of this court to entertain this appeal. Unless an issue is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292, a federal appellate court has jurisdiction to review only final decisions of district courts. 28 U.S.C. § 1291. The district court's denial of Gordon's motion to dismiss did not constitute the final judgment in this case and the issue upon which the motion was based has not been certified for an interlocutory appeal. Gordon contends that the denial of her qualified immunity defense can be appealed as a collateral order under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court recently resolved this question in *Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), holding that denials of qualified immunity claims are appealable collateral orders under the *Cohen* doctrine. The Court noted that the qualified immunity defense is designed to prevent unfounded *suits* against public officials as well as *liability.* The Court then held that the right to bring an immediate appeal from the denial of the defense was essential to prevent such unwarranted court actions: "[W]e hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." 105 S.Ct. at 2817, 86 L.Ed.2d at 427. Gordon's appeal, therefore, is properly before this court.

As stated earlier, Gordon asserted as the basis of her motion to dismiss that the complaint failed to state a cause of action against her because her qualified immunity as a public official precludes liability under the facts alleged by Flinn. Accordingly, she contends that the district court erred in refusing to dismiss the complaint under Fed.R.Civ.P. 12(b)(6).

While Gordon would be able to claim absolute immunity from liability if her acts were taken in her legislative capacity, *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979); *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), that issue is not before us in this appeal. The motion to dismiss was premised on Gordon's qualified immunity as a government official, not on any absolute immunity she might possess as a legislator. This avoids the need to inquire at this point whether her House personnel duties were legislative or administrative in nature. *See Cole v. Gray,* 638 F.2d 804, 811 (5th Cir.1981), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 120 (1981);[1]

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as

*Three Rivers Cablevision, Inc. v. City of Pittsburgh*, 502 F.Supp. 1118, 1135–36 (W.D.Pa.1980).

The qualified immunity for public officials was established in its present form in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *See also Davis v. Scherer*, —— U.S. ——, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Zeigler v. Jackson*, 716 F.2d 847 (11th Cir.1983). In *Harlow* the Supreme Court established a purely objective test for qualified immunity, holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818, 102 S.Ct. at 2738, 73 L.Ed.2d at 410.

■ In order to benefit from this *Harlow* qualified immunity, the official must demonstrate "that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Zeigler*, 716 F.2d at 849. Once this is established, the official is immune from liability unless the plaintiff can "prove that the defendant's actions violated clearly established constitutional law." *Id.*

■ All of the alleged acts of misconduct by Gordon involved malfeasance and nonfeasance in handling personnel matters in the Florida House of Representatives. *See* Record on Appeal, pp. 2, 3, 9, 10. Thus, it is clear that she acted within the scope of her discretionary authority as chairperson of the House Administration Committee when she performed these duties. As such, she is immune from liability for these acts unless they violated "clearly established statutory or constitutional rights of which a reasonable person would have known."

Flinn charges that Gordon, in violation of due process, (1) damaged his personal and political reputation, (2) diminished his personal and family privacy, and (3) deprived him of his position as a state legislator.

precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October

After an examination of the complaint and applicable law, we find that none of these injuries constitute the loss of a federal right and, consequently, that no relief is available under § 1983. Since Flinn cannot show the loss of any federal right, much less the loss of a "clearly established" right, he has failed to overcome Gordon's qualified immunity.

■ The claim for damage to his reputation is precluded by the decision of the Supreme Court in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that injury to reputation alone is not actionable under § 1983. The Court indicated that injury to reputation coupled with the loss of another interest, such as continued government employment, might be actionable under § 1983. 424 U.S. at 705–07, 96 S.Ct. at 1162–63, 47 L.Ed.2d at 416–17. The facts as alleged do not present such a situation here. Gordon may have injured Flinn's reputation, but she did not remove him from his legislative office. That decision was made by Flinn's constituents during the 1980 elections.

The contention that Gordon's activities interferred with a fundamental right to personal privacy and family relations must meet a similar fate. It is true that in a long line of cases the Supreme Court has accorded constitutional protection to the right of personal and family privacy. *See, e.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). However, a recent decision of this court held that this constitutional right to personal and family privacy does not protect one from the sort of injury to reputation referred to in Flinn's complaint. In *Carroll v. Parks*, 755 F.2d 1455, 1456 (11th Cir.1985), this court expressly refused "to find within the zones of privacy protected by the Constitution the right to be free

1, 1981.

from public embarrassment or damage to reputation."

As a final allegation, Flinn urges that he had a constitutional right to continued employment as a state legislator. Flinn was not removed from office during the term to which he was elected, but was voted out of office during the 1980 Florida elections. Although he certainly had a constitutional right to run for office and to hold office once elected, he had no constitutional right to win an election. This was a political decision for the Florida electorate. *See Gordon v. Leatherman*, 450 F.2d 562, 567 (5th Cir.1971). "[T]here is a fundamental difference between the expulsion or removal of a public official by the state and that same activity by the voters.... Any governmental body is required to act fairly, but that is not true as to a voter. Insofar as the United States Constitution is concerned, an elector may vote for a good reason, a bad reason, or for no reason whatsoever."

In summary, Flinn has failed to allege any act for which he would be entitled to relief under § 1983. Consequently, he cannot show the violation of any clearly established constitutional or statutory right. Gordon's good faith immunity remains intact and Flinn's complaint against her must be dismissed.

The judgment of the district court denying Gordon's motion to dismiss is REVERSED and the case is REMANDED to the district court with directions to dismiss the action against Gordon. Flinn's motion for attorney's fees is DENIED.