**Daniel MULLINS, Plaintiff,**

v.

**David SMITH, et al., Defendants.**

**No. CIV.A. 98–CV–40108FL.**

United States District Court,
E.D. Michigan,
Southern Division.

July 27, 1998.

---

4. Defendant's guideline calculation would have been offense level 24, criminal history I; rather than 27–I.

Daniel Mullins, Jackson, MI, Pro se.

Terry L. Norton, Mich. Dept. of Atty. Gen., Lansing, MI, for Defendants.

*ORDER OF DISMISSAL*

GADOLA, District Judge.

I. *Introduction*

Plaintiff, Daniel Mullins ("plaintiff"), presently confined at the Central Complex of the State Prison of Southern Michigan in Jackson, Michigan, has filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The defendants are Ryan Correction Facility ("Ryan") Warden David Smith, Ryan Assistant Warden Scott Nobles, Investigator Olivia Bruce, Investigator Carl Tabb, Hearings Investigator Annette Martin, and Hearings Officer Barbara Bush.

The complaint makes the following allegations: Plaintiff has been deprived of a protected liberty interest without due process of law by defendants' actions in connection with a disciplinary hearing held at Ryan. Hearings Officer Bush found plaintiff guilty of attempted substance abuse. Bush relied on evidence that a torn package with plaintiff's return address on it was received by an attorneys' office. The package contained a hollowed-out transcript bearing plaintiff's name holding two bags of marijuana and a cover letter purportedly from the attorneys' office to plaintiff indicating that the transcript had

been checked for error and was being returned to plaintiff as legal mail. The attorneys' office informed prison officials that plaintiff had never been a client of that office. Plaintiff denied any knowledge of the package and argued that an enemy had it sent to bring about his conviction on false charges. Bush concluded that the package had been sent by someone acting in concert with plaintiff in the hope that the attorneys' office would open it, find that he was not a client, and mail the package to plaintiff in new envelope marked legal mail, which would remove it from normal mail inspection procedures. Plaintiff was placed in temporary segregation for thirty days after being found guilty. Plaintiff requested a rehearing on the charge.

The complaint seeks declaratory and injunctive relief and damages.

## II. *Standard of Review*

Plaintiff has paid the full filing fee of $150.00. However, notwithstanding the full payment of the filing fee, the Court shall dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The Court has reviewed plaintiff's complaint and now dismisses it pursuant to 28 U.S.C. § 1915(e)(2)[1] and 28 U.S.C. § 1915A.[2]

A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions

are clearly baseless." *Id.* 490 U.S. at 327, 109 S.Ct. 1827. *See also Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A complaint fails to state a claim upon which relief may be granted where it appears beyond doubt that plaintiff can prove no set of facts supporting his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief.

## III. *Discussion*

■ The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991).

Plaintiff's complaint shall be dismissed for the following reasons.

### A.

The Sixth Circuit has ruled "that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative

---

1. 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   (B) the action or appeal—
   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief."

2. 28 U.S.C. § 1915A(a) and (b) provide in pertinent part that "in a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint——(1) if frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

remedies." *Brown v. Toombs,* 139 F.3d 1102, 1103 (6th Cir.1998).

■ Plaintiff has submitted a copy of a request for a rehearing. Decisions made in hearings by hearings officers are non-grievable. Therefore, plaintiff could not have filed meaningful grievances concerning his major misconduct hearing results. A prisoner may appeal the results of a request for a rehearing to the appropriate State Circuit Court, as set forth in M.C.L.A. § 791.255. However, this is a judicial, not an administrative, remedy. Consequently, it appears that plaintiff exhausted his state administrative remedies.

### B.

■ The United States Supreme Court has held that prisoners do not have a liberty interest protected by the Due Process Clause in remaining free of disciplinary segregation, which the Supreme Court has held does not constitute an atypical and significant hardship in relation to the ordinary incidents of maximum security prison life, where the conditions of disciplinary segregation are essentially the same as those in administrative segregation and protective custody. *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 2300–02, 132 L.Ed.2d 418 (1995) (holding that confinement of a maximum security prisoner in disciplinary segregation for thirty days did not constitute an atypical or significant hardship sufficient to create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment). Plaintiff has not alleged that he has forfeited earned sentence credits on the basis of the complained-of misconduct, or suffered any deprivation of liberty other than confinement in segregation. Therefore, under *Sandin,* the allegations set forth in the complaint "do not rise to the level of constitutional violations and thus are not cognizable under 42 U.S.C. § 1983." *Freeman v. Trudell,* 497 F.Supp. 481, 482 (E.D.Mich.1980).

### C.

■ Finally, federal courts do not have jurisdiction to relitigate de novo the determinations made in prison disciplinary hearings. So long as some evidence in the record supports the factfinder's decision, the factfinder's resolution of factual disputes, including credibility disputes between witnesses, is binding and final. *Superintendent, Mass. Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

■ Hearing Officer Barbara Bush's finding that plaintiff had engaged in attempted substance abuse was supported by some evidence. Bush's finding that plaintiff had attempted to avoid normal prisoner mail inspection procedures and smuggle marijuana into the prison was supported by evidence that a package containing contraband inside a transcript of plaintiff's trial and a letter addressed to plaintiff was sent to an attorneys' office with his return address on it and a letter addressed to him inside the package.

■ Bush was not required to find plaintiff guilty beyond a reasonable doubt, or find that plaintiff's guilt was the only reasonable interpretation of the evidence. Where a prisoner is entitled to due process in a prison disciplinary hearing, some evidence of guilt is sufficient to satisfy due process evidentiary requirements. Even if plaintiff had been entitled to due process of law at his prison disciplinary hearing, the evidence of his guilt presented at the hearing would satisfy the some evidence requirement set forth in *Superintendent v. Hill.* This is an additional, alternative reason why plaintiff has failed to set forth an arguable civil rights violation.

Accordingly,

IT IS ORDERED that the complaint is DISMISSED as frivolous pursuant to § 1915(e)(2)(B). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3).

### JUDGMENT

The above-entitled matter having come before the Court on a complaint pursuant to 42 U.S.C. § 1983, Honorable Paul V. Gadola, United States District Judge, presiding, and in accordance with the Order of Dismissal entered on July 27, 1998.

IT IS ORDERED AND ADJUDGED that the complaint be, and the same hereby is,

DISMISSED, pursuant to 28 U.S.C. § 1915A.