**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0110n.06
Filed: February 9, 2007

No. 06-3683

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DAWN R. MYERS, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| JAMES W. DEAN and BOARD OF | ) | |
| COMMISSIONERS OF PICKAWAY | ) | |
| COUNTY, OHIO, | ) | **O P I N I O N** |
| | ) | |
| **Defendants-Appellees.** | ) | |
| _____ | ) | |

**Before: SILER, MOORE, and ROGERS, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** In March 2004, both Plaintiff-Appellant

Dawn R. Myers ("Myers") and Defendant-Appellee James W. Dean ("Dean") sought the Republican

nomination for the elected position of Clerk of the Pickaway County, Ohio, Court of Common Pleas

("Clerk"). At that time, Dean was the incumbent Clerk, and Myers served under his supervision as

a deputy clerk. The day after Dean won the nomination, he fired Myers. Myers filed suit in state

court, claiming that Dean and his supervisory authority, the Board of Commissioners of Pickaway

County, had violated her free-speech and due-process rights under the federal and Ohio constitutions

and had committed various torts under Ohio state law. The defendants removed the case to the

United States District Court for the Southern District of Ohio, which subsequently granted summary

judgment in their favor. Myers now appeals that judgment. For the reasons set forth below, we AFFIRM the judgment of the district court.

## I. BACKGROUND

The material facts are undisputed. Myers, a Republican, worked as a deputy clerk in the Clerk's office from 1985 until 2004. In September 2003, upon the resignation of the elected Clerk, Dean, also a Republican, was appointed to fill the position until a new Clerk could be elected in November 2004. The Republican candidate for the position was determined via a party primary held on March 2, 2004. In December 2003, both Myers and Dean filed petitions to run for the Republican nomination. Soon thereafter, Dean offered to reimburse Myers for any expenses that she had incurred in seeking the nomination, if she would withdraw from the race. Myers rejected the offer.

During the ensuing campaign, Myers and Dean refrained from mentioning each other in literature or during public appearances, and both urged their coworkers in the Clerk's office to remain neutral. Dean won the primary and, the following day, asked for Myers's resignation. When Myers refused to resign, Dean fired her, admitting that her performance was adequate but nonetheless maintaining that he could not work with her any more. Dean concedes that he fired Myers at least in part because she had run against him for the Clerk position.

On June 25, 2004, Myers sued the defendants in Ohio state court, asserting claims under the First and Fourteenth Amendments to the United States Constitution as well as various state-law causes of action. The defendants removed the case to the federal district court, which subsequently granted summary judgment in their favor on all of Myers's claims. Myers now appeals that ruling.

2

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing the absence of any genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). Once the movant has satisfied its burden, the nonmoving party must produce evidence showing that a genuine issue remains. *Id.*

The court must credit all evidence presented by the nonmoving party and draw all justifiable inferences in that party's favor. *Id.* The nonmovant must, however, "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Summary judgment is proper when the nonmoving party has had adequate time for discovery and yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322. We review a district court's grant of summary judgment de novo. *See, e.g.*, *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006).

### B. Myers's First Amendment Claim

Myers claims that Dean's termination of her employment violated her First Amendment right to run for political office. The district court found, however, that this court's holding in *Carver v. Dennis*, 104 F.3d 847 (6th Cir. 1997), forecloses Myers's First Amendment claim. Myers now urges us to distinguish, limit, or overrule *Carver*.

3

The facts of *Carver* are nearly identical to those of the instant case. Denise Carver ("Carver"), a deputy clerk and at-will employee of a Tennessee county court, announced that she planned to run in the next election against Mildred Dennis ("Dennis"), the county clerk and Carver's supervisor. 104 F.3d at 848. The next day, Dennis laid off Carver, whom she replaced one month later. Dennis conceded that she would not have fired Carver had Carver not stated her intention to run against Dennis. Carver sued Dennis, claiming a First Amendment violation.

The district court granted summary judgment in Dennis's favor, finding that Carver was fired for her political *activity*, not for her political *views*, and that her First Amendment right to engage in such activity was outweighed by Dennis's interest in preserving a viable working environment in the clerk's office. *See id.* On appeal, a panel of this court considered "whether . . . a deputy county clerk who was an at-will employee . . . had a First Amendment right to run against the incumbent clerk in the next election and still retain her job," and answered in the negative, emphasizing that Carver's dismissal was motivated solely by her candidacy for her boss's position and not by her "political beliefs or affiliations"—that it was, in other words, "not a dismissal based on politics at all, except to the extent that running for public office is a political exercise in its broad sense." *Id.* at 849-50. Accordingly, and because "the [Supreme] Court has never recognized a fundamental right to express one's political views through candidacy," *id.* at 850-51, the *Carver* court held that "no reading of the First Amendment required Dennis to retain Carver after Carver announced her intention to run against Dennis for Dennis's office." *Id.* at 853.

Myers argues that the *Carver* holding appears inconsistent with a First Amendment right to support the candidate of one's choice. In essence, *Carver* established an exception to that general rule for cases in which the employee herself is a candidate, with the result that an employee in

4

Myers's position is protected from retaliation for supporting any candidate *other than herself*. As many of our sister circuits have held, however, "[d]isciplinary action discouraging a candidate's bid for elective office represent[s] punishment by the state based on the *content* of a communicative act protected by the [F]irst [A]mendment." *Finkelstein v. Bergna*, 924 F.2d 1449, 1453 (9th Cir.) (emphasis added) (internal quotation marks and brackets omitted), *cert. denied*, 502 U.S. 818 (1991). *See also Stiles v. Blunt*, 912 F.2d 260, 265 (8th Cir. 1990) (recognizing "the right to run for public office"), *cert. denied*, 499 U.S. 919 (1991); *Flinn v. Gordon*, 775 F.2d 1551, 1554 (11th Cir. 1985) ("[H]e certainly had a constitutional right to run for office and to hold office once elected . . . ."), *cert. denied*, 476 U.S. 1116 (1986); *Washington v. Finlay*, 664 F.2d 913, 927-28 (4th Cir. 1981) (recognizing "[t]he [F]irst [A]mendment's protection of the freedom of association and of the rights to run for office, have one's name on the ballot, and present one's views to the electorate"), *cert. denied*, 457 U.S. 1120 (1982); *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir.) (holding that the "plaintiff's interest in running for Congress and thereby expressing his political views without interference from state officials . . . lies at the core of the values protected by the First Amendment"), *cert. denied*, 434 U.S. 968 (1977); *Magill v. Lynch*, 560 F.2d 22, 27 (1st Cir. 1977) ("It appears that the government may place limits on campaigning by public employees *if the limits substantially serve government interests that are important enough to outweigh the employees' First Amendment rights*." (emphasis added)), *cert. denied*, 434 U.S. 1063 (1978).

Notwithstanding the strength of Myers's argument and other circuits' holdings, we are bound by *Carver*. *See United States v. Newsom*, 452 F.3d 593, 607 (6th Cir. 2006); *United States v. McDaniel*, 398 F.3d 540, 549 n.7 (6th Cir. 2005). We therefore AFFIRM the district court's judgment.

5