Benjamin **BERRIOS–ROMERO,**
Plaintiff,

v.

**COMPASS GROUP NORTH AMERICA,** Defendant.

**Civil No. 09–cv–01031 (DRD).**

United States District Court,
D. Puerto Rico.

July 23, 2010.

Benjamin Berrios–Romero, Las Piedras, PR, pro se.

Miguel A. Nazario–Briceno, Nazario Briceno Law Office, Orlando H. Martinez–Echeverria, Orlando H. Martinez Law Office, San Juan, PR, for Defendant.

### OPINION & ORDER

DANIEL R. DOMINGUEZ, District Judge.

### I.  PROCEDURAL BACKGROUND

On January 13, 2009, *pro se* Plaintiff Benjamin Berrios–Romero filed his *Complaint* against Defendant Compass Group USA, Inc. doing business as Canteen Correctional Services ("Canteen")(Docket No. 2).  Plaintiff Benjamin Berrios–Romero's claims are based upon stipulations reached in *Morales Feliciano v. ELA,* case no. 79–4(PG), as well as the Eighth Amendment's prohibition of cruel and unusual punishment, U.S. Const. amend. VIII.

In the *Complaint,* Plaintiff requests that the Court grant monetary compensation of $1,000,000.00 plus punitive damages and that the Court further issue an order to Defendant ("Canteen") to comply with the stipulations regarding food service practices and food quality.

On January 15, 2010, Defendant filed a *Motion to Dismiss* (Docket No. 18) under Rule 12(b)(6) of Federal Rule of Civil Procedure.  Therein, Defendant argues that Plaintiff's request should be dismissed as Plaintiff failed to exhaust the available administrative remedies prior to filing this action.  Further, Defendant argues that the facts alleged do not state a claim upon which relief can be granted against Canteen.

### II.  FACTS ASSERTED IN COMPLAINT

The Court has ascertained the relevant allegations as follows.  Plaintiff was incarcerated at the Zarzal Camp in Rio Grande.  During his stay at the correctional facility, Plaintiff filed grievance complaints several times, met with the Supervisor and Coordinator for the food service between Canteen and the Administration of Correction, as well as with the Prison Superintendent.

However, the Court can not discern from Plaintiff's allegations whether such grievances were related to the facts alleged in the *Complaint,* whether such grievances were attended to and granted or denied, and whether Plaintiff exhausted the administrative procedures before filing the *Complaint.*

Plaintiff claims that Canteen does not provide qualified chefs at the Facility; that Canteen fails to comply with the stipulations reached in *Morales Feliciano v. ELA,* Civ. No. 79–4(PG); that Canteen fails to keep a safe, clean and pest free environment; that Canteen serves the same menus repeatedly; and, that Canteen did not follow medically prescribed diets.  The Court notes that Plaintiff failed to state whether he suffers from a medical condition which requires a special diet.  Plaintiff also mentions that he suffered from a broken tooth caused by a piece of rock found in one of his meals on December 11, 2008.

### III.  MOTION TO DISMISS

A defendant who wishes the dismissal of a claim for relief must allege that the

plaintiff failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) the Supreme Court elaborated, stating that;

> While a complaint attacked by a Rule 12(b)(6) to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact).

(internal quotations and citations omitted)(emphasis ours). In short, *Twombly* created a new **"plausibility" standard** and held that, for a plaintiff to survive a motion to dismiss, the *Complaint* must allege a plausible entitlement of relief and not one that is merely conceivable. *Id.* Therefore, in order for this Court to decide whether to grant the *Motion to Dismiss*, we must first verify if, within Plaintiff's allegations, as factually pled, there is in fact a claim upon which relief can be granted.

In performing this analysis, the Court shall treat as true all well-pleaded allegations, and indulge all reasonable inferences in favor of the Plaintiff. *See Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). Moreover, this Court construes *pro se* pleadings liberally in favor of a pro se party. *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 15 (1st Cir.1990). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the [C]ourt may intuit the correct cause of action, even if it was imper-

fectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997), cert. denied 522 U.S. 1148, 118 S.Ct. 1165, 140 L.Ed.2d 176 (1998). In this manner, the Court ensures that pro se pleadings are duly provided a fair and meaningful consideration. *See Eveland v. Dir. of C.I.A.*, 843 F.2d 46, 49 (1st Cir.1988).

### 1. Failure to Exhaust Administrative Remedies

Plaintiff has acknowledged that there is a prisoner's grievance procedure in the institution that confined him. Plaintiff also alleges that he averred the facts relating to his *Complaint* in said grievance procedure. However, as noted by Defendant, it is unclear from the *Complaint* whether Plaintiff complied with all the necessary steps precedent to presenting the claims in the suit.

██ A prisoner asserting a claim under 42 U.S.C.A. § 1983 must exhaust all available remedies prior to bringing an action in Federal Court. 42 U.S.C.A. § 1997e(a). Specifically, the Prisoner Litigation Reform Act, states as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* Furthermore, the administrative exhaustion requirement is mandatory, even where the plaintiff's complaint cites to a medical matter. *See Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006); *see also Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). In order to fully and properly exhaust all available remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."

*Acosta v. U.S. Marshals Service,* 445 F.3d 509, 512 (1st Cir.2006). However, in a limited set of circumstances, some exceptions to the exhaustion requirement will apply. *See Woodford v. Ngo,* 548 U.S. at 103, 126 S.Ct. 2378 (Breyer, J. concurring). When Congress enacted the Prisoner Litigation Reform Act, it did not require exhaustion in cases of life threatening health conditions; rather the prisoner may sue the custodial officer in his official capacity for deliberate indifference to his medical condition. *See Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ Although Plaintiff claims that, through the prison's grievance procedure, he filed his complaints on multiple occasions, he failed to inform the Court how such grievance were related to the facts alleged in the *Complaint.* Further, Plaintiff does not specify whether such grievances were granted or denied, nor whether he filed for reconsideration and/or an appeal of any decision rendered as part of the grievance procedures. Therefore, it is not clear whether Plaintiff exhausted the administrative remedies by appealing at the proper levels. Moreover, Plaintiff has made no allegations that he suffers from a serious medical condition which would necessitate the Court's bypassing of the administrative exhaustion requirement. Thus, the Court hereby **GRANTS** Defendant's *Motion to Dismiss* as Plaintiff has not pled that he exhausted all available administrative remedies nor rebutted Defendant's assertion that he failed to do so before bringing the instant action.

### 2. Cruel and Unusual Punishment

Although the Court dismisses Plaintiff's case for failing to exhaust administrative remedies, acting out of an abundance of caution, the Court will also analyze his Eight Amendment claims. Plaintiff alleg-

es that Canteen's food quality and confection is so low it caused a broken tooth because of a small rock he found in one of his meals; that Canteen serves the same menu continuously without change; that Canteen serves the food cold; and that Canteen does not follow medical prescribed diets and therefore does not comply with the stipulations reached in *Morales Feliciano v. ELA,* case no. 79–4(PG). Consequently, Plaintiff claims that he was subjected to cruel and unusual punishment.

■ Under the Eight Amendment, prisoners are protected against the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. This includes punishment that "involves the unnecessary and wanton infliction of pain". *Gregg v. Georgia,* 428 U.S. 153, 154, 96 S.Ct. 2909, 2916, 49 L.Ed.2d 859 (1976). Plaintiff is alleging that his inadequate food provisions has caused a medical repercussion. In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In order to bring a successful claim of cruel and unusual punishment, a plaintiff must show both subjective and objective components. *See Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). A plaintiff must first show that his medical condition is objectively a serious one; and then, he must show that the defendant acted with deliberate indifference to his medical needs. *See Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991); *see also Chance v. Armstrong,* 143 F.3d 698, 702 (2nd Cir.1998).

■ Because an inadvertent failure to provide medical care is not actionable, even if negligent, the ultimate question is

the state of mind of the defendant. *See Layne v. Vinzant,* 657 F.2d 468, 471 (1st Cir.1981). In other words, there is a **subjective** element that the Plaintiff is required to prove in the defendant's conduct. "The appropriate inquiry when an inmate alleges that prison officials failed to attend to the medical needs is whether the officials exhibited 'deliberate indifference'." *Hudson v. McMillian,* 503 U.S. 1, 5–6, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992). In *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994), the Court illuminated the subjective nature of deliberate indifference as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

■ In short, the **subjective** element requires that the defendant intentionally denies, delays, impedes or interferes with the medical care that the prisoner needs. *Id.* In the instant case, all Plaintiff's complaints were caused by inadequate food services. Consequently, merely establishing deliberate indifference on a subjective level is insufficient if the medical needs are not serious enough to necessitate action under the Eight Amendment. *See Cooper v. Casey,* 97 F.3d 914, 916 (7th Cir.1996); *see also DesRosiers v. Moran,* 949 F.2d 15, 18 –19 (1st Cir.1991). "Deliberately to ignore a request for medical assistance has long been held to be a form of cruel and unusual punishment, but this is provided that the illness or injury for which assistance is sought is sufficiently serious or painful to make the refusal of assistance uncivilized." *Cooper v. Casey,* 97 F.3d 914,

916 (7th Cir.1996); *see also DesRosiers v. Moran,* 949 F.2d 15, 18 –19 (1st Cir.1991). In other words we must first establish if Plaintiff alleged a deprivation that, in **objective** terms, was "sufficiently" serious.

Regarding the **objective** element, Plaintiff was not clear if he himself had been prescribed with a medical diet; and, further, never asserted that he suffers from any conditions that would require a special diet. Further, Plaintiff has not even alleged that the meals have caused him to suffer from a health condition, other than a chipped tooth. Plaintiff's generalized dislike of the meals served does not state a claim for a constitutional deprivation requiring the intervention of a Federal Court. *See Freeman v. Trudell,* 497 F.Supp. 481, 482 (E.D.Mich.1980). (holding that deficient prison food does not constitute a constitutional violation). Thus, Plaintiff has not stated a plausible cause of action relating to the meals served by Defendant.

As for the broken tooth which was an accidental result of negligent behavior, it has been held that "[a]n accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *See, Estelle v. Gamble,* 429 U.S. at 105, 97 S.Ct. 285. As stated by another District Court,

> "[a]n occasional incident of a foreign object finding its way into the food, while regrettable, does not raise a question of constitutional proportion. It simply raises a problem of internal prison administration to be dealt with by prison authorities as best they can".

*Freeman v. Trudell,* 497 F.Supp. at 482 (internal quotations and citations omitted). The Court agrees that the accidental inclusion of a rock in Plaintiff's food does not raise an issue of constitutional proportions. Thus, for the reasons stated above, the

Court finds that, even if Plaintiff had exhausted all available administrative remedies, he has failed to state a substantive plausible claim for relief based upon a violation of the Eight Amendment.

## IV. CONCLUSION

For the reasons set forth above, the instant case is hereby **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**