KAISER ALUMINUM & CHEMICAL
CORPORATION, Plaintiff,

v.

PHOSPHATE ENGINEERING AND
CONSTRUCTION CO., INC.,
Defendant.

No. 92–357–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 2, 1994.

---

Robert Michael Daisley, Thomas John Roehn, Lawrence Phillip Ingram, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, for Kaiser Aluminum and Chemical Corp.

Ronald Edward Bush, Gregory Paul Hansel, Thomas C. MacDonald, Jr., Daniel F. Molony, William A. Gillen, Jr., Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, Robert Michael Brush, Donald Gunnar Jacobsen, Robert Lewis Trohn, Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, FL, for Phosphate Engineering and Const. Co., Inc.

## ORDER

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court upon filing of Objections to Magistrate's Order Dated July 10, 1992 and Motion for Reconsideration of Findings and Recommendations Made by the Magistrate and Request for Oral Argument (doc. 51 and amended doc. 52); Objections to Magistrate's Order Dated September 29, 1993 and Motion for Reconsideration of Findings and Recommendations Made by the Magistrate and Request for Oral Argument (doc. 56) by Defendant Phosphate Engineering and Construction Co., Inc.

### HISTORY OF THE CASE

This case involves a dispute over a contract formed between Defendant, Phosphate Engineering, and Plaintiff, Kaiser Aluminum & Chemical Corporation, whose goal was to develop new technology used in the production of a chemical known as hydrogen fluoride or "HF." In the complaint and counterclaim, both parties seek declaratory relief establishing their respective rights under the contract. Discovery and the subsequent disputes over discovery have been ongoing since July 1992.

The procedural posture of the various motions in this case is long and complicated. Magistrate Judge Charles Wilson first entered an order compelling discovery of certain documents from Defendant Phosphate Engineering on July 10, 1992 (doc. 29). Defendant immediately asked for reconsideration of the order (doc. 30); a request that was denied by Magistrate Wilson (doc. 49). Defendant has now asked this Court to review the Magistrate's Order (doc. 49) denying reconsideration of his original order (doc. 29). Furthermore, in an order dated September 29, 1993 Magistrate Wilson compelled further discovery from Defendant which was objected to in Objections to Magistrate's Order Dated September 29, 1993 and Motion for Reconsideration of findings and Recommendations Made by the Magistrate and Request for Oral Argument (doc. 56).

These discovery motions deal with many different documents, but they can be classified in three broad categories: 1) documents surrounding a patent applied for by Defendant for its $P_2O_5/HF$ process, 2) documents relating to work performed for clients other than Plaintiff, and 3) an internal communication between the president of the company and a company engineer. The internal communication is objected to on the basis of attorney/client privilege. The rest of the documents are objected to on the basis that they will reveal trade secrets and will put Defendant at a competitive disadvantage. Defendant urges that some of these documents only be disclosed in a certain way, and that others not be disclosed at all.

### DISCUSSION

■ Although Defendant urges a *de novo* analysis of the issue, it is proper to apply the clearly erroneous standard when reviewing a magistrate's order. Federal Rules of Civil Procedure for the United States District Courts, Rule 72(a) clearly provides:

> A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. The district judge to whom the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order, *and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.*[1] (emphasis added.)

1. See also, 28 U.S.C. § 636(b)(1)(A).

Defendant contends that Federal Rules of Civil Procedure, Rule 26(c)(7) which states in pertinent part that a protective order may be used so "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way" gives special protection to its documents. However, there is no outright privilege for confidential information or trade secrets. *Federal Open Market Committee v. Merrill* 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2043 at 300 (1970)); *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir.1984). Rather the privilege must yield if the enforcement would result in a miscarriage of justice.

■ The courts have developed a balancing test for discovery of information that one party claims would result in undue harassment, oppression, or embarrassment. This test requires the trial judge to weigh the interests of both parties in deciding whether or not to protect the information. A three pronged test has developed in regards to trade secrets. For a protective order to be granted, a party must show that the information is confidential and that the disclosure would be harmful. The burden then shifts to the party seeking disclosure to show that the information sought is relevant and necessary at this point in the litigation. *Centurion Industries, Inc. v. Warren Steurer and Associates* 665 F.2d 323 (10th Cir.1981); *Empire of Carolina v. Mackle* 108 F.R.D. 323 (S.D.Fla.1985).

■ Defendant does not wish to disclose any information relating to its contracts with third parties. Defendant claims that these documents are irrelevant to this litigation and revealing them would put it at a competitive disadvantage, since the documents contain trade secrets. Plaintiff, however, claims that one of the factual disputes in the case concerns the development track of the subject technology, and that in order for it to refine the issues in its case, it needs to know the extent of the development of the HF process that Defendant has been working on with other companies. The only way to gain that information is to examine the documents of the research with other companies.

Magistrate Judge Wilson examined these documents *in camera* and weighed the competing interests of the Defendant to protect its dealings with other companies, against those of the Plaintiffs to be able to adequately prepare for trial. The parties have entered into a confidentiality agreement that permits use of these and other discovered information only in the litigation and to disclose the information only to court approved individuals. The Magistrate found that this was sufficient to protect this information and that the documents were necessary to the preparation of Plaintiff's case. This Court is inclined to agree with him.

Defendant had applied for a patent for its technology as of the filing of the first motion. Plaintiff wanted access to those patent application documents and related information. As of the filing of the second motion, according to its Memorandum of Law (doc. 58), Defendant has now obtained that patent. The patent documents are now public information and Defendant claims it has disclosed related information. This point is now moot.

■ Furthermore, Defendant claims that an inter-office memoranda between its President and an engineer is protected by the attorney/client privilege and is thus not discoverable. Magistrate Judge Wilson examined this document *in camera* and concluded that it was not protected by the attorney/client privilege and was discoverable. The document was apparently merely an internal communication between co-workers, not a communication between attorney and client. This Court finds nothing clearly erroneous or contrary to law about Magistrate Judge Wilson's order, since the memoranda was not written by or sent to an attorney.

Magistrate Judge Wilson performed the judicially mandated balancing of interests with each of the documents sought to be protected. After examining the documents in camera, he concluded that the documents were necessary for Plaintiff's understanding of the case and were calculated to lead to admissible evidence. He ordered the documents released. This Court can find nothing clearly erroneous or contrary to law in that reasoned decision. It is therefore

**ORDERED:** (1) The Magistrate's Order Dated July 10, 1992 (doc. 29) be affirmed in its entirety, and

(2) Magistrate's Order Dated September 29, 1993 (doc. 55) be affirmed in its entirety.

**DONE AND ORDERED.**