James GOBER and Susan
Gober, Plaintiffs,

v.

CITY OF LEESBURG, et al., Defendants.

No. 5:99–CV–336–OC–10.

United States District Court,
M.D. Florida,
Ocala Division.

Nov. 8, 2000.

Wallace W. Tudhope, Walker & Tudhope,
P.A., Maitland, FL, for plaintiffs.

Dale O. Morgan, Douglas T. Noah, Dean,
Ringers, Morgan and Lawton, P.A., Francis
H. Sheppard, Rumberger, Kirk & Caldwell,
P.A., R. Craig Cooley, Murphy & Cooley,
Orlando, FL, for defendants.

## ORDER

JONES, United States Magistrate Judge.

Pending before the Court are Defendants' Motion to Compel and Award Sanctions (Doc. 53) and Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Compel (Doc. 54). Defendants' move to compel Plaintiff James Gober to disclose his social security number and request that sanctions be awarded in the amount of $375.00 for fees and costs associated with pursuing the Motion to Compel.

As a basis for the Motion to Compel, Defendants suggest that Plaintiff's social security number is reasonably calculated to lead to the discovery of admissible evidence. Defendants state that it is necessary to obtain Plaintiff's social security number to test the truthfulness of his statements regarding prior convictions. Further, Defendants argue that the basis upon which Plaintiff objected to the question regarding his social security number, financial privilege, is not appropriate because there is not a "financial privilege" recognized under Florida law. Finally, Defendants suggest that sanctions are appropriate in this instance because a good faith effort was made to obtain the voluntary disclosure of the requested information without necessitating the Court's involvement and Plaintiff's non-disclosure was not substantially justified.

Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Compel suggests that Defendants have not met their burden in supporting the Motion to Compel. Plaintiffs suggest that Defendants have the burden of demonstrating that the information sought is relevant. Additionally, Plaintiffs argue that Defendants' assertion that the social security number is needed because it is reasonably calculated to lead to the discovery of admissible evidence is not compelling. Finally, Plaintiffs argue that sanctions are appropriate in this instance because the "good faith" explanation of Defendants is not reflected in the deposition transcript quoted nor in the Memorandum of Law in support of the Motion to Compel.

### Discussion

As a preliminary matter, from a review of that portion of the deposition transcript supplied by Defendants' Motion to Compel, the Court notes that Plaintiff's attorney instructed Mr. Gober not to answer the question regarding his social security number and, as a result, Mr. Gober refused to answer the question. Plaintiff's attorney then made an objection on the grounds of relevancy, asked Defendant why the information was needed, said that the Defendants were not entitled to the information, and asserted a "financial privilege."

█ Counsel may direct a witness not to answer a deposition question only under the following circumstances: (1) "when necessary to preserve a privilege," (2) "to enforce a limitation on evidence directed by the court," or (3) to protect a witness from an examination "being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." [1] FED. R. CIV. P. 30(d)(1), (3); *see also Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 557 (S.D.N.Y.1994). Thus, while a party may object to a question based on form and/or relevancy, it is improper to instruct a witness not to answer a question based on form and relevancy objections. *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D.Fla.1999). Therefore, the Court concludes that Plaintiffs' counsel's instruction not to answer the subject deposition question based on "relevancy" was improper and violates Rule 30(d)(1) of the Federal Rules of Civil Procedure.

█ Next, Plaintiff asserted as a second ground for his refusal to answer the question requesting his social security number a privilege he termed a "financial privilege." The Court agrees that it is appropriate to instruct a witness not to answer a question at deposition in order to preserve a privilege. *See* FED. R. CIV. P. 30(d)(1), (3); *Quanta-*

---

**1.** This rule was generally designed to minimize the frustration and length of depositions due to objections. *See* Fed.R.Civ.P. 30 advisory committee's notes. The rule also serves to prevent counsel from making an excessive number of unnecessary objections and from unilaterally deciding at deposition what information is deemed relevant or irrelevant to the cause.

*chrome,* 189 F.R.D. at 700; *Riddell,* 158 F.R.D. at 557. However, in this instance, the Plaintiff has not identified a privilege that appears to be recognized under Florida law. Therefore, to the extent that Plaintiff's objection to the deposition question is based on a "financial privilege," the Court finds that the objection is due to be overruled and Plaintiff is ordered to disclose the requested information.

Further, Plaintiff asserts that a party seeking to compel information over an objection bears the burden of demonstrating the relevance of the requested information. Plaintiff maintains that Defendants have not met the burden of showing that the requested information, Plaintiff's social security number, is relevant and is reasonably calculated to lead to the discovery of admissible evidence.

■ Generally, when a party objects to the relevance of a question at deposition, or instructs a witness not to answer a question, the party then moves for a protective order from the court so that the information will be protected. For a protective order to be granted by the court, a party must show that the information sought is confidential and that the disclosure would be harmful. *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc.,* 153 F.R.D. 686, 688 (M.D.Fla.1994). Then, the burden shifts to the party seeking disclosure to show that the information sought is relevant and necessary. *See id.*

■ In this case, Plaintiff did not move for a protective order. Additionally, contrary to Plaintiff's assertion, the Defendants do not bear the burden of showing that the information sought is relevant because Plaintiffs have not met their initial burden of showing that the information is confidential. The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information. *See Young v. Lukens Steel Co.,* 1994 WL 45156, *2 (E.D.Pa. Feb. 10, 1994)(citing *Flora v. Hamilton,* 81 F.R.D. 576 (M.D.N.C.1978)); *see also International Tel. & Tel. Corp. v. United Tel. Co. of Fla.,* 60 F.R.D. 177, 184–85 (M.D.Fla.1973)(holding that it is the party avoiding discovery who has the initial burden of establishing the existence of a privilege). "The party must demonstrate to the court 'that the requested documents [information] either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.' " *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987).

Based on the foregoing, the Court finds that although the burden was not the Defendants', the Defendants provided enough explanation in the Motion to Compel to suggest the relevancy of the Plaintiff's social security number. Defendants' Motion maintains that the Plaintiff's social security number is necessary to verify the Plaintiff's truthfulness regarding prior convictions.[2] However, Plaintiffs did not meet their burden of showing that the information sought is confidential, irrelevant, unduly burdensome to produce, or privileged. *See Young,* 1994 WL 45156, at *2; *International Tel. & Tel.,* 60 F.R.D. at 184–85.

Therefore, for the reasons stated above, the Court finds that the Plaintiffs' objections to the production of Mr. Gober's social security number are due to be overruled and Plaintiffs are ordered to disclose such information to Defendants. However, the Court finds that it is not necessary that the parties reconvene the deposition of Mr. Gober in order to obtain the his social security number. The Court orders Plaintiffs to provide to Defendants in written form within ten (10) days from the date of this Order Mr. Gober's social security number.

■ Finally, on the issue of sanctions, Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides, in part, that "[i]f the motion is granted or if the disclosure or requested discovery is provided after the mo-

---

2. It should be noted, in the Court's experience, that the discovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters.

tion was filed, the court shall, ... require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that ... the opposing party's nondisclosure, response, or objection was substantially justified." In this case, the Court finds that the Plaintiff's non-disclosure was not substantially justified because the Plaintiff's social security number is not privileged information and may be calculated to lead to the discovery of admissible evidence. Therefore, the Court finds that Defendants are entitled to an award of sanctions in this matter. To facilitate the award of sanctions, the Defendants shall file with the Court within ten (10) days an affidavit of all time and expenses involved in pursuing the Motion to Compel. Thereafter, Plaintiffs will have seven (7) days to file with the Court an opposing statement addressing the Defendants' proposed affidavit of time and expenses for sanctions. Accordingly, upon due consideration, it is:

**ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Compel and Award Sanctions (Doc. 53) is hereby **GRANTED.**

(2) Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Compel (Doc. 54) requesting the imposition of sanctions against Defendants is hereby **DENIED.**

(3) Plaintiffs' objections to the disclosure of Mr. Gober's social security number are hereby **OVERRULED.**

(4) It is not necessary that the parties reconvene the deposition of Mr. Gober in order to obtain the his social security number. Plaintiffs shall provide to Defendants in written form within **ten (10) days** from the date of this Order Mr. Gober's social security number.

(5) The Court finds that the Plaintiffs objections to the disclosure of Mr. Gober's social security number were not substantially justified and, therefore, Defendants are entitled to an award of sanctions in this matter.

(6) To facilitate the award of sanctions, Defendants shall file with the Court within **ten (10) days** an affidavit of all time and expenses involved in pursuing the Motion to Compel. Thereafter, Plaintiffs will have **seven (7) days** to file with the Court an opposing statement addressing the Defendants' proposed affidavit of time and expenses for sanctions.