PER CURIAM.
We grant the instant petition for writ of certiorari in which Aspex Eyewear, Inc., seeks review of an order of the circuit court denying its motion to redact certain identifying information allegedly containing trade secrets from documents to be produced at discovery. In our earlier opinion in this case, see Aspex Eyewear, Inc. v. Ross, 778 So.2d 481 (Fla. 4th DCA 2001), we ruled that financial documents should have been disclosed because these records were relevant to proving petitioner’s “profits,” an element of the alleged damages. This court did not reach the question of whether any of those documents would yet be protected by the trade secret privilege.
Based on comments by the trial judge at the hearing on remand, the judge apparently interpreted this court’s earlier decision to mean that all financial records must be disclosed, whether or not they contained trade secrets, and denied petitioner’s motion for redaction primarily on that basis. Aspex has objected to disclosing the names of its customers, suppliers, employees, and representatives included in various financial records, claiming they are protected trade secrets. As previously mentioned, it was not this court’s intent to imply that any trade secrets would lose their protection simply because they were contained within the financial records.
Accordingly, the trial court must now determine whether any information contained within the financial records are trade secrets, and whether they should be redacted or disclosed with appropriate protections. See Am. Express Travel Related Servs., Inc. v. Cruz, 761 So.2d 1206 (Fla. 4th DCA 2000); Rare Coin-it, Inc. v. I.J.E., Inc., 625 So.2d 1277, 1278 (Fla. 3d DCA 1998); see also Kaiser Aluminum & Chem. Corp. v. Phosphate Eng’g & Constr. Co., 153 F.R.D. 686 (M.D.Fla.1994). We, therefore, quash the order denying the motion for leave of court to redact identifying information and remand for further proceedings consistent with this decision.
KLEIN, STEVENSON and HAZOURI, JJ., concur.